**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAUNE OATES, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 16-cv-06998(JBS-AMD) |
| CAMDEN COUNTY CORRECTIONS, | **OPINION** |
| Defendant. | |

APPEARANCES

Shaune Oates, Plaintiff Pro Se
6145 Pleasant Avenue
Pennsauken, NJ 08110

**SIMANDLE, Chief District Judge:**

1.    Plaintiff Shaune Oates seeks to bring a civil rights complaint against Camden County Corrections ("CCC") pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.    28 U.S.C. 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under Section 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

1

3.    For the reasons set forth below, the Court will: (1)
dismiss the Complaint with prejudice as to claims made against
CCC; and (2) dismiss the Complaint without prejudice for failure
to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.    First, CCC is not a separate legal entity from Camden
County and is therefore not independently subject to suit. *See
Bermudez v. Essex Cty. D.O.C.*, No. 12-6035, 2013 WL 1405263, at
*5 (D.N.J. Apr. 4, 2013) (citing cases). Plaintiff has not pled
sufficient facts to impose liability on Camden County.

5.    "There is no respondeat superior theory of municipal
liability, so a city may not be held vicariously liable under §
1983 for the actions of its agents. Rather, a municipality may
be held liable only if its policy or custom is the 'moving
force' behind a constitutional violation." *Sanford v. Stiles*,
456 F.3d 298, 314 (3d Cir. 2006) (citing *Monell v. N.Y.C. Dep't
of Social Services*, 436 U.S. 658, 691 (1978)). *See also Collins
v. City of Harker Heights*, 503 U.S. 115, 122 (1992) ("The city
is not vicariously liable under § 1983 for the constitutional
torts of its agents: It is only liable when it can be fairly
said that the city itself is the wrongdoer.").

6.    Plaintiff must plead facts showing that the relevant
Camden County policy-makers are "responsible for either the
affirmative proclamation of a policy or acquiescence in a well-
settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d

Cir. 1990).[1] In other words, Plaintiff must set forth facts

supporting an inference that Camden County itself was the

"moving force" behind the alleged constitutional violation.

*Monell*, 436 U.S. at 689. Plaintiff has not done so.

7.    Second, for the reasons set forth below, the Court

will dismiss the Complaint without prejudice for failure to

state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

8.    The present Complaint does not allege sufficient facts

to support a reasonable inference that a constitutional

violation has occurred in order to survive this Court's review

under § 1915. Even accepting the statements in Plaintiff's

Complaint as true for screening purposes only, there is not

enough factual support for the Court to infer a constitutional

violation has occurred.

9.    To survive *sua sponte* screening for failure to state a

claim[2], the Complaint must allege "sufficient factual matter" to

---

[1] "Policy is made when a decisionmaker possess[ing] final
authority to establish municipal policy with respect to the
action issues an official proclamation, policy, or edict.
Government custom can be demonstrated by showing that a given
course of conduct, although not specifically endorsed or
authorized by law, is so well-settled and permanent as virtually
to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d
Cir. 2014) (internal quotation marks and citations omitted)
(alteration in original).
[2] "The legal standard for dismissing a complaint for failure to
state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the
same as that for dismissing a complaint pursuant to Federal Rule
of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-
1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017)

show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

10.   Plaintiff's Complaint states in its entirety: "I was forced to sleep on the floor while my stay at the facility for countless hours." Complaint §§ III(C).

---

(citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

11.   The Complaint states that the alleged events giving rise to Plaintiff's claims occurred: "2003 & 2015." *Id*. § III(B).

12.   Plaintiff alleges that he suffered "c[h]ronic back spasms, hip injuries, sleeping problems and headaches." *Id*. § IV.

13.   With respect to requested relief, Plaintiff "would say fairly around $10,000 would be fair!" *Id*. § V.

14.   Construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding in relation to Plaintiff being "forced to sleep on the floor" (Complaint § III(C)), any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

15.   The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542

(1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

16.   Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[3]

---

[3] The amended complaint shall be subject to screening prior to service.

17.   Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, he must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.[4]

18.   Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and

---

[4] To the extent the Complaint seeks relief for conditions Plaintiff encountered prior to October 11, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after Plaintiff's release. In the event Plaintiff elects to file an amended complaint, the amended complaint should be limited to confinements in which Plaintiff was released after October 11, 2014.

explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

19.  For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCC; and (b) dismissed without prejudice for failure to state a claim.

20.  An appropriate order follows.


**February 15, 2017**                              **s/ Jerome B. Simandle**
Date                                                JEROME B. SIMANDLE
                                                    Chief U.S. District Judge